# CIRCUIT COURT OF BRUNSWICK COUNTY

Howard C. Andleton
and Marilyn Funk-Andleton

v.

Christine Kelliher Thompson

March 7, 2008

Case No. CL07-65

BY JUDGE W. ALLAN SHARRETT

Defendant Christine K. Thompson owns Lot 6 in the Rock Island Cove Subdivision on Lake Gaston in Brunswick County, and Plaintiffs Howard C. Andleton and Marilyn Funk-Andleton own other parcels of land in the subdivision. This case concerns whether the Defendant may be enjoined from adjusting the boundary line between Lot 6 and the adjoining Lot 7. The issue in this case may be reduced to the definition of "subdivide," as used in the context of the relevant restrictive covenants, and whether Thompson's proposed action is a "subdivision," or is merely the adjustment of a boundary line. If it is a "subdivision," it is prohibited by the restrictive covenants; if it is an adjustment, it is permitted.

According to the stipulated facts, Thompson seeks to adjust the boundary line between Lots 6 and 7 by enlarging Lot 7 and contracting Lot 6. To do so, she has set off a parcel of land, containing 0.99 acres, which is shown and described on a "Plat of Survey for Impower, L.L.C.," dated March 1, 2007, made by James T. Bradley, L.S., and marked as "Defendant's Exhibit A." This parcel will be conveyed to the owner of Lot 7, reducing the size of Lot 6 by 0.99 acres, and increasing Lot 7 by the same amount.

The restrictive covenants applicable to Lot 6 state in pertinent part that "said property shall not be subdivided . . . regardless of the size of any parcel which would result from such subdivision," and that "the subject property shall not be subdivided into two (2) or more lots."

Thompson argues that the designation of the parcel for the enlargement of Lot 7 is not a "subdivision" because the resulting entity, being less than one acre and containing insufficient road frontage, does not qualify as a "lot" under the Brunswick County subdivision ordinance, and thus amounts merely to the adjustment of a boundary line. The Andletons assert, on the other hand, that the fracture of Lot 6 into two units, regardless of their size or purpose, is a prohibited subdivision. The Court agrees with the Andletons.

Whether the division conforms to the requirements of the Brunswick County subdivision ordinances is, in the Court's opinion, irrelevant. The county may regulate the size of lots for building purposes as it sees fit, but this is in no way dispositive of whether a division violates the requirements of the Rock Island Cove subdivision relating specifically to Lot 6. Indeed, the language of the covenants themselves, which prohibit subdivision "regardless of the size of any parcel which would result. . . ." would be meaningless if, in fact, only lots of one acre or greater were included in the prohibition. To accept such an interpretation would construe the covenants in such a way as to vitiate their meaning. Such a result is untenable.

Additionally, the Plaintiff's position is consistent with the definition of "subdivide" and "subdivision" in various legal sources. For example, *Black's Law Dictionary*, (8th ed., 2004) defines "subdivision" as, "the division of a thing into smaller parts." This is precisely what Thompson seeks to do – to divide Lot 6 into two smaller parts. The plat is the best evidence of this. Further, in order to alter the boundary between Tracts 6 and 7, Thompson must convey the new 0.99 acre parcel to Impower, L.L.C.; the deed will, if it employs conventional language, refer to "that certain tract or parcel of land. . . ." indicating clearly a separate entity; future deeds in the chain of title will refer to Tract 7 as having two sources of title; and the conclusion is inescapable that Tract 6 will become two parcels, each smaller than the original one from which they were derived. This is the very definition of "subdivision."

The Model Subdivision Regulations promulgated in *Zoning and Land Use Controls*, § 45.02, Matthew Bender & Co., Inc. (2007) recommend a definition of "subdivision" as follows: "[A]ny land . . . which is divided or proposed to be divided into two (2) or more lots, parcels, sites, plots, or interests for the purpose of offer, sale, lease, or development. . . . Subdivision includes the division . . . of . . . land, whether by deed . . . map, plat, or other

recorded instrument." In the instant case, Thompson proposes to divide Lot 6 into two or more plots for the purpose of offering one to Lot 7. The proposal squares in all respects with the definition of a subdivision.

Finally, § 15.2-2201 of the Code of Virginia defines a subdivision as "the division of a parcel of land into . . . lots . . . for the purpose of transfer of ownership. . . ." a definition which is on all fours with the action contemplated by Thompson.

While the end result may be an adjustment of a boundary line, the action proposed by the Defendant involves dividing a parcel of land into two smaller parcels, for the purpose of offering one of them to an adjoining landowner. Regardless of what it is called, it meets the definition of a subdivision in all respects and is the very action prohibited by the restrictive covenants.

The Motion of Injunctive Relief is, therefore, granted.